73 F.3d 363
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anna Ping WANG, Defendant-Appellant.
 No. 94-2138.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1996.
 
 Before: MERRITT, Chief Judge; GUY and BATCHELDER, Circuit Judges.
 Per Curiam.
 
 
 1
 The defendant, Anna Ping Wang, was convicted of conspiracy to commit arson, aiding and abetting arson, and mail fraud. On appeal, Wang contends that the evidence was insufficient to support her arson-related convictions. She also claims the statements of alleged co-conspirators were improperly admitted into evidence.
 
 
 2
 Finding these contentions to be without merit, we affirm.
 
 I.
 
 3
 On July 18, 1993, a restaurant and an adjoining lounge in Grand Ledge, Michigan, were destroyed by fire. Defendant owned the buildings that were destroyed, and it was determined that the fires had been intentionally set.
 
 
 4
 The arson investigation soon focused on one of the lounge patrons, Tracey Stevenson. Stevenson admitted to police he set the fire and implicated Robert Jarrell as an accomplice. More significantly, Stevenson told the police that he was paid by Wang to start the fire. In the course of the investigation, the police also learned that both businesses were in serious financial difficulty.
 
 
 5
 At trial, Stevenson and Jarrell both testified and implicated Wang. Also testifying was Stevenson's former fiancee, Angela Alfsen, who was present during some of the initial conversations between Wang and Stevenson. The government also established that the property destroyed was used in interstate commerce,[1] and that the mails were used by Wang in sending false proof of loss forms to the insurance company, which had insured the burned property.[2]
 
 II.
 The Sufficiency of the Evidence
 
 6
 In reviewing a claim of insufficient evidence we are required to view the evidence in the light most favorable to the government and make no determinations relative to witness credibility or the weight of the evidence. If the evidence, when viewed in this light, is sufficient to support any rational trier of fact finding the defendant guilty, the conviction must be affirmed. United States v. Bond, 22 F.3d 662, 666-67 (6th Cir.1994).
 
 
 7
 The testimony of Stevenson, Jarrell and Alfsen alone, if believed, would support the conviction of Wang. Defendant, nonetheless, argues that this testimony is insufficient because Stevenson testified he initially was just going to rip-off the $10,000 Wang offered him and not start the fire. When Wang only advanced $1,000, however, Stevenson enlisted Jarrell, and they did start the fire. Although Stevenson and Jarrell testified they only had intended to start a small fire, they were responsible for the foreseeable consequences of their intentional acts, as was Wang, who enlisted Stevenson. Stevenson's testimony is further corroborated by his being seen with a large amount of money shortly before the fire, as well as the fact that he was given a key to the building by Wang. Furthermore, Stevenson's testimony at trial was not discredited.[3] Viewed in its entirety, there was more than ample evidence supporting the conviction.
 
 III.
 The Co-Conspirators' Statements
 
 8
 At the trial, certain statements of co-conspirators were offered as evidence against Wang. Federal Rule of Evidence 801(d)(2)(E) provides that such statements are not hearsay if made "by a coconspirator of a party during the course and in furtherance of the conspiracy." In United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir.1979), cert. denied, 444 U.S. 1074 (1980), we established the procedure for laying a proper foundation for the admission of co-conspirators' statements into evidence. The significant holding of Vinson was that the statements could be admitted in advance of proving the necessary connection to the conspiracy as long as they were "connected-up" prior to the government resting. At that point in time, it was the responsibility of the trial judge to determine, by applying a preponderance of the evidence standard, whether the proper foundation had been laid. Here, the district judge followed the dictates of Vinson and at the conclusion of the case stated:
 
 
 9
 I find by a preponderance of the evidence that there was a conspiracy in existence and that all of the statements and documents submitted by the government were made by, among and between co-conspirators during the course of and in furtherance of that conspiracy. And the defendants against whom the material--defendant against whom the material was offered was a member of that conspiracy.
 
 
 10
 Except really what I'm talking about, of course, is the testimony of Tracy Stevenson, Angela Alfsen, and the testimony of Rob Jarrell, the co-conspirators who testified. For example, Mr. Stevenson's statement that he was going to the restaurant that night to do what the defendant asked him to do and also the statements as to where the money came from, which are all statements in furtherance, and during the course of the conspiracy.
 
 
 11
 (App. 441.)
 
 
 12
 Additionally, those statements that were attributed to the defendant would be admissible under Fed.R.Evid. 801(d)(2)(A) and would not require the foundation necessary to admit co-conspirators' statements.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 One of the statutes under which Wang was prosecuted, 18 U.S.C. Sec. 844(i), requires an interstate commerce nexus. No claim is made that such a nexus was not proved at trial
 
 
 [2]
 No issues independent of the arson issue are raised in connection with the mail fraud conviction
 
 
 [3]
 Defendant attempts to discredit indirectly Stevenson by pointing out that one expert testified an accelerant was used to start the fire. Stevenson said he used no accelerant and the bulk of the expert and scientific evidence supported this testimony